ORIGINAL

U.S. DISTRICT COURT
N.D. OF N.Y.
FILED

AUG 18 2005

LAWRENCE K. BAERMAN, CLERK
ALBANY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NOVELIS CORPORATION,<br><br>Defendant. | Civil No. 05-CV-1046<br><br>**COMPLAINT**<br><br>LEK/DRH |

The United States of America, by authority of the Attorney General and acting at the request of the Administrator of the Environmental Protection Agency ("EPA"), alleges:

### NATURE OF THE ACTION

1.  This is a civil action brought under Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act, as amended ("CERCLA"), 42 U.S.C. § 9607(a), regarding the Pollution Abatement Services, Inc. Superfund Site in Oswego, New York ("PAS Site") and the Fulton Terminals, Inc. Superfund Site in Fulton, New York ("Fulton Site"). Plaintiff, the United States, seeks payment from Defendant Novelis Corporation of costs incurred by the United States for response actions regarding these two sites.

### JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this action and over the parties pursuant to 42 U.S.C. § 9613(b), and 28 U.S.C. §§ 1331, 1345 and 1355.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 and 1395, and 42 U.S.C. § 9613(b), because the claims arose in this district and the release or threatened release of hazardous substances occurred in this district.

## DEFENDANT

4. Defendant Novelis Corporation is a Texas corporation with its corporate headquarters and principal place of business in Mayfield Heights, Ohio ("Novelis"). Novelis was formerly known as Alcan Aluminum Corporation.

## THE STATUTORY SCHEME

5. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for abating releases and threatened releases of hazardous substances and other pollutants and contaminants and for funding the costs of such abatement and related enforcement activities, which are known as "response actions." 42 U.S.C. §§ 9604(a), 9601(25).

6. Under Section 104(a)(1) of CERCLA, 42 U.S.C. § 9604(a)(1):

> Whenever (A) any hazardous substance is released or there is a substantial threat of such a release into the environment, or (B) there is a release or substantial threat of release into the environment of any pollutant or contaminant which may present an imminent and substantial danger to the public health or welfare, the President is authorized to act, consistent with the national contingency plan, to remove or arrange for the removal of, and provide for remedial action relating to such hazardous substance, pollutant, or contaminant at any time (including its removal from any contaminated natural resource), or take any other response measure consistent with the national contingency plan which the President deems necessary to protect the public health or welfare or the environment . . .

7.  For CERCLA response actions and enforcement purposes, the Administrator of EPA is the President's delegate, as provided in operative Executive Orders, and, within certain limits, the Regional Administrators of EPA have been re-delegated this authority.

8.  Under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a):

> (1) [T]he owner and operator of a . . . facility, and (2) any person who at the time of disposal of any hazardous substances owned or operated a . . . facility at which such hazardous substances were disposed of . . . shall be liable for – (A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan; . . .

### THE TWO SITES

9.  Pollution Abatement Services, Inc. ("PAS, Inc.") operated a facility at the PAS Site from about 1970 to 1977, at which it treated and disposed of industrial wastes. As a result of these operations, the PAS Site became contaminated with hazardous substances within the meaning of Section 101(14) of CERCLA, 42 U.S.C. §9601(14) ("hazardous substances").

10. PAS, Inc. operated a facility at the Fulton Site from about 1972 to 1977, at which it stored and disposed of industrial wastes. As a result of these operations, the Fulton Site became contaminated with hazardous substances.

11. Novelis has owned and operated a facility in Oswego, New York since 1963, at which it recycled aluminum scrap into ingots, and then, through hot and cold rolling processes, produced a variety of aluminum sheet and plate products for the beverage, food container, transportation, and construction industries.

12. During the 1970's, Novelis generated a waste oil emulsion as a byproduct of its manufacturing operations. Novelis's waste oil emulsion contained hazardous substances. During the period from 1970 to 1977, quantities of Novelis' waste oil emulsion were disposed of at the PAS Site. Some of Novelis' waste oil emulsion also was delivered to and disposed of at the Fulton Site.

13. EPA listed the PAS and Fulton Sites on the National Priorities List ("NPL") in September 1983 and December 1982, respectively. The NPL was established pursuant to Section 105(a) of CERCLA, 42 U.S.C. § 9605(a), and is found at 40 C.F.R. Part 300, Appendix B. The NPL is a list of those sites at which there are releases of hazardous substances, and which EPA has ranked as having the highest priority for remediation or other response action among all nationally identified releases, based on relative risk or danger to public health, welfare or the environment.

14. EPA has incurred costs in conducting various response actions at the PAS Site and the Fulton Site.

## CLAIM FOR RELIEF

15. Novelis is a person within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

16. Both the PAS Site and the Fulton Site are "facilities" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

17. There have been "releases," within the meaning of Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), and threatened releases of hazardous substances at or from the PAS and Fulton Sites.

18. The United States has incurred costs of response, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), to respond to the releases or threatened releases of hazardous substances at the PAS and Fulton Sites.

19. The United States' response actions regarding the PAS and Fulton Sites are not inconsistent with the National Contingency Plan, 40 C.F.R. Part 300.

20. In connection with both the PAS and Fulton Sites, Novelis is liable to the United States pursuant to Section 107(a)(3) of CERCLA, 42 U.S.C. § 9797(a)(3), as a person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at a facility owned or operated by another party or entity and containing such hazardous substances.

21. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Novelis is jointly and severally liable to the United States for response costs incurred and to be incurred in connection with the PAS and Fulton Sites.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff, the United States of America, respectfully requests that this Court:

1.   Enter judgment in favor of the United States, pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), holding Novelis liable for all unreimbursed costs incurred by the United States with respect to the PAS and Fulton Sites, plus interest accrued thereon;

2.   Award the United States its costs of this action; and

4.   Grant the United States such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Catherine R. McCabe*
CATHERINE R. MCCABE
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Mark Gallagher*
MARK A. GALLAGHER, N.Y. Bar No. 512664
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC  20044-7611
(202) 514-5405


GLENN T. SUDDABY
United States Attorney
Northern District of New York

_____
JAMES C. WOODS, N.Y. Bar No. 102843
Assistant United States Attorney
Northern District of New York
231 James T. Foley Courthouse
445 Broadway
Albany, NY 12207
(518) 431-0247

OF COUNSEL:

CAROL BERNS
BEVERLY KOLENBERG
Assistant Regional Counsels
U.S. Environmental Protection
   Agency, Region II
290 Broadway
New York, NY  10007-1866